UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| MICHAEL MATTHEWS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:18-cv-230-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| J. RAY ORMOND, Warden, | ) | **&** |
| USP – McCreary,[1] | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Michael Matthews is an inmate at the United States Penitentiary (USP)—McCreary in Pine Knot, Kentucky. Matthews has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [*see* R. 1] and has also paid the appropriate filing fee [R. 4]. For the reasons set forth below, Matthews's petition must be denied.

In 2006, Matthews was charged with one count of conspiracy to commit bank robbery and one count of substantive bank robbery, both in violation of 18 U.S.C. § 2113(a). [*See United States v. Matthews*, 5:05-cr-519-DNH (N.D.N.Y. 2005), R. 10, therein.] The matter proceeded to trial, where the jury found Matthews guilty of both offenses. [*Id.,* R. 53, therein.] Because of Matthews's criminal history, this guilty verdict had a drastic impact on Matthews's liberty. Matthews had several prior state and felony robbery convictions, and the 2006 conviction proved to be Matthews's "third strike" for purposes of 18 U.S.C. § 3559(c). [*See, e.g.*, *United States v. Matthews*, 5:05-cr-519-DNH (N.D.N.Y. 2005), R. 23, therein (listing prior convictions and

---

[1] Matthews identified "C. Gomez" as the Warden of USP-McCreary but, in reality, the current Warden of that institution is J. Ray Ormond. The Clerk of the Court is directed to substitute Mr. Ormond as the appropriate Respondent in this matter.

informing Matthews of § 3559's application to his case).] The court, therefore, sentenced Matthews to concurrent terms of life imprisonment on each of the two counts of conviction. [*Id.*, R. 78, therein.]

Matthews subsequently filed several motions for post-conviction relief, and he ultimately prevailed on one of his 28 U.S.C. § 2255 petitions. In 2014, the Northern District of New York determined that Matthews's criminal defense attorney used a biased investigator, which ultimately amounted to constitutionally ineffective assistance of counsel. *See United States v. Matthews*, 999 F. Supp. 2d 352, 365-66 (N.D.N.Y. 2014). As a result, the court vacated Matthews's conviction for substantive bank robbery. However, the court determined the ineffective assistance of counsel had no impact on Matthews's conviction for conspiracy and made clear that the conspiracy conviction was still in effect. *Id.* at 366. Because Matthews was sentenced to two ***concurrent*** terms of life imprisonment on the two counts of conviction, the vacatur of the substantive robbery conviction ultimately had no impact on the length of Matthews's sentence. [*See United States v. Matthews*, 5:05-cr-519-DNH (N.D.N.Y. 2005), R. 138, therein.]

Matthews challenged this result in another § 2255 petition, arguing (among other things) that the conspiracy conviction was improperly enhanced under the three-strikes law. [*See United States v. Matthews*, 5:05-cr-519-DNH (N.D.N.Y. 2006), R. 206, therein.] The court rejected Matthews's arguments, explaining the conviction for conspiracy to commit bank robbery in violation of 18 U.S.C. §§ 371 and 2113 is an enumerated offense for purposes of the three strikes law. *Id.* Matthews has now filed a § 2241 petition in this Court, which is subject to preliminary screening under 28 U.S.C. § 2243. [*See* R. 1.]

In his § 2241 petition, Matthews essentially presents the same argument he made before the Northern District of New York in the § 2255 petition described above—that his conviction for conspiracy to commit bank robbery is not a qualifying offense for purposes of 18 U.S.C. § 3559(c)'s life sentence mandate.[2] [*See id.; see also United States v. Matthews*, 5:05-cr-519-DNH (N.D.N.Y. 2006), R. 206, therein.] Despite the Northern District of New York's decision resolving that § 2255 petition, Matthews still believes that he no longer has the required three strikes under § 3359(c) and thus is no longer subject to a life sentence. Unfortunately for Matthews, his arguments are both procedurally deficient and substantively meritless.

As an initial matter, Matthews's petition suffers from various procedural flaws. Matthews's § 2241 petition challenges the validity of his sentence, and the proper vehicle for making such arguments is typically a 28 U.S.C. § 2255 petition rather than a § 2241 filing. Indeed, the Sixth Circuit Court of Appeals has explained that a prisoner can only challenge the validity of his sentence by way of § 2241 if he can demonstrate first that the § 2255 remedy is inadequate or ineffective, and then that an intervening change in statutory law establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or that his sentence was improperly enhanced, *see Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). Matthews has neither articulated why the savings clause of § 2255(e) applies to his case, nor has he identified any intervening changes in statutory law. [*See* R. 1.]

Further, Matthews's argument that his conspiracy conviction does not warrant a life sentence misinterprets the three strikes law. 18 U.S.C. § 3559(c) mandates life imprisonment for certain violent felons, including defendants convicted of three separate serious violent felonies."

---

[2] While Matthews's argument before the Northern District of New York relied specifically on *Johnson v. United States*, 135 S. Ct. 2551 (2015), Matthews now appears to rely solely on the text of 18 U.S.C §§ 371 and 3559 to support his position. [*Compare* R. 1 *with United States v. Matthews*, 5:05-cr-519-DNH (N.D.N.Y. 2005), R. 206, therein.]

*See* 18 U.S.C. § 3559(c)(1). While his conviction for conspiracy to commit bank robbery may not qualify as a serious violent felony under 18 U.S.C. § 3559(c)(2)(F)(ii),[3] the conspiracy conviction explicitly qualifies under the statute's enumerated offense clause. *See* 18 U.S.C. § 3559(c)(2)(F)(i). That clause plainly states that not only is a robbery conviction under 18 U.S.C. § 2113 considered a serious violent felony for purposes of the three strikes rule, a conviction for "attempt, conspiracy, or solicitation to commit" bank robbery under 18 U.S.C. §§ 371 and 2113 is a serious violent felony, too. Because Matthews was previously convicted of two or more qualifying crimes, he remains subject to a term of life imprisonment under 18 U.S.C. § 3559(c) even though his conviction for substantive bank robbery was vacated. For these reasons, the Court hereby **ORDERS** as follows:

1. Matthews's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

3. Judgment shall be entered contemporaneously herewith.

---

[3] That provision considers the maximum term of imprisonment when defining what constitutes a serious violent felony for purposes of the three strikes rule. Although Matthews attempts to rely on this provision—likely because the maximum term of imprisonment for a 18 U.S.C. § 371 offense is five years, not ten—the provision only applies to crimes not covered by the enumerated offense clause. Because conspiracy to commit bank robbery under 18 U.S.C. § 2113 is an enumerated offense in 18 U.S.C. § 3559(c)(2)(F)(i), the length of the statutory maximum term of imprisonment is immaterial in Matthews's case.

This the 18th day of September, 2018.

Gregory F. Van Tatenhove
United States District Judge